## GASSETT *v.* DUKE.

LITTLE, J.   An appeal from the decision of a justice of the peace upon a possessory warrant can not be lawfully made to a jury in a justice's court. If in a given instance papers purporting to constitute such an appeal were filed, the only proper disposition which could have been made of the proceeding in the justice's court was to dismiss it.   If, however, this was not done, but a trial had, resulting in favor of the appellee, the same was a mere nullity.   This being so, the superior court ought, on motion, to have dismissed a certiorari sued out by the appellant to set such verdict aside; for there is no law conferring upon this tribunal any jurisdiction to review a verdict of this kind.

*Judgment reversed.   All the Justices concurring.*

Argued June 6, — Decided August 2, 1899.

Certiorari.   Before Judge Felton.   Crawford superior court. October term, 1898.

*R. D. Smith*, for plaintiff.   *Louis L. Brown*, for defendant.

---

## McJUNKIN *et al. v.* BRIGHT.

COBB, J.   The exceptions to the auditor's report which were insisted on in the court below were, in effect, exceptions of fact, although one of them was characterized as an exception of law; and these exceptions having been by consent submitted to the judge without the intervention of a. jury, and the evidence, though conflicting, being sufficient to sustain the finding of the judge on such exceptions, this court will not interfere with his judgment in the case, overruling the auditor on a finding of fact.

*Judgment affirmed.   All the Justices concurring.*

Submitted June 10, — Decided August 2, 1899.

Exceptions to auditor's report.   Before Judge Kimsey. Habersham superior court.   September term, 1898.

*George P. Erwin*, for plaintiff.
*J. J. Bowden* and *Charles L. Bass*, for defendant.